IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1410-WJM-NRN

RICHARD NELSON, and
MYRNA NELSON,

    Plaintiffs,

v.

AMERIPRISE AUTO & HOME INSURANCE AGENCY, INC., a foreign corporation authorized to do business in the State of Colorado,

    Defendant.

## ORDER REGARDING SUGGESTION OF DEATH

    This lawsuit arises out of a car accident on October 1, 2016, in which an underinsured driver hit the vehicle of Plaintiffs Richard Nelson and Myrna Nelson (jointly, "Plaintiffs") and injured Mr. Nelson.  (ECF No. 8-1 at 2.)  Plaintiffs maintained an uninsured/underinsured motorist protection policy with Defendant Ameriprise Auto & Home Insurance Agency, Inc. ("Defendant"), and now bring this lawsuit against Defendant alleging breach of contract, bad faith breach of an insurance contract, and loss of consortium.  (*Id.* at 3–6.)

    On January 9, 2019, Plaintiffs filed a Suggestion of Death notice ("Notice"), in accordance with Federal Rule of Civil Procedure 25, stating that Mr. Nelson passed away on October 15, 2018.  (ECF No. 24 at 1.)  The Notice also stated that an estate is being established for Mr. Nelson, and, once established, the caption will be amended to reflect the proper parties.  (*Id.*)

Under Rule 25, when a party dies and a claim is not extinguished, a motion for substitution may be made by any party or by the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). A motion for substitution must be made within ninety days after service of a statement noting the death. *Id*. If a motion is not made within ninety days, the action must be dismissed. *Id.*

"The Tenth Circuit has interpreted Rule 25 to require service [of a statement noting death] on the successors or representatives of the deceased party's estate in accordance with Rule 4." *Johnson v. Thomas*, 2013 WL 4461747 (D. Colo. Aug. 20, 2013); *see Grandbouche v. Lovells*, 913 F.2d 835 (10th Cir. 1990) (holding that the ninety-day period under Rule 25(a)(1) does not begin to run until the personal representative of a decedent's estate is served with a statement of death). The statement must be served "even if that representative has not yet been identified or appointed." *Hamilton v. Kemper*, 2018 WL 1616808 (D. Colo. Apr. 4, 2018). Rule 25's requirement of service on a personal representative can leave a case "in a curious limbo, unable to meaningfully proceed unless and until someone decides to seek appointment of a personal representative." *Id.* at *4. In *Hamilton*, Chief Judge Marcia S. Kreiger of this District recognized the potential quagmire created by Rule 25's plain language and the Tenth Circuit's interpretation. *Id*. Judge Kreiger thus ordered the remaining plaintiffs in *Hamilton* to "take appropriate action" within 90 days to move the case along or risk dismissal for failure to prosecute. *Id.*

In the interest of fairness to the parties and efficient use of court resources, the Court will set forth the procedure for serving Mr. Nelson's successors and

representatives consistent with Rule 25. *See Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) ("[W]e are dealing with the matter most critical to the court itself: management of its docket and avoidance of unnecessary burdens on the tax-supported courts, opposing parties or both.").

Accordingly, the Court extends its condolences to Mr. Nelson's wife, Myrna, and family, and hereby ORDERS as follows:

1. Plaintiffs' counsel is DIRECTED to deliver a copy of this Order (ECF No. 34) and the Suggestion of Death (ECF No. 24) by **January 31, 2019** to:
   a. Each of Mr. Nelson's known beneficiaries;
   b. The representative(s), if any, of Mr. Nelson's Estate; and
   c. the Probate Registrar of the Denver Probate Court and/or the clerk of any other court with jurisdiction over Mr. Nelson's estate.
2. After making such delivery, Plaintiff's counsel SHALL FILE a certificate of service with this Court and indicate the date on which delivery was complete within two weeks after said delivery but, in any event, no later than **February 14, 2019**;
3. If any eligible individual or representative intends to pursue Mr. Nelson's claims, that individual or representative MUST FILE a motion for substitution under Federal Rule of Civil Procedure 25(a)(1) or otherwise inform the Court of their intention to pursue the matter **within ninety days of receiving this Order and the Suggestion of Death**; and
4. If no person files a motion for substitution under Federal Rule of Civil Procedure 25(a)(1) or otherwise informs the Court of an intention to pursue Mr. Nelson's

claims by May 15, 2019, the Court will at that time entertain a motion to dismiss Mr. Nelson's claims.

Dated this 18th day of January, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge